## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Donna Carminati,                                    Case No.

    Plaintiff,

vs.

NCL (Bahamas) Ltd. d/b/a
Norwegian Cruise Line,

    Defendant,
_____/

## COMPLAINT

Plaintiff, Donna Carminati ( "Carminati"), sues the Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line ( "NCL"), and alleges as follows:

### Preliminary Allegations

1. This is an action for compensatory damages for bodily injury to the Plaintiff, Donna Carminati, arising from a maritime voyage departing from, and returning to, the Port of Miami, commencing on March 27, 2015.

2. Plaintiff seeks damages in excess of $75,000, exclusive of interest and taxable costs.

3. This action is brought in this Court pursuant to the venue clause in the Defendant's cruise ticket/passage contract, which stipulates that all actions against the Defendant must be brought in the United States District Court for the Southern District of Florida.

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, as the Plaintiff alleges a maritime tort against the Defendant.

5. Plaintiff demands a trial by jury.

6. All conditions precedent to the filing of this action have occurred or have been waived.

7. The Defendant is the owner and operator of the vessel known as the Norwegian Sky (the "Vessel"), and is otherwise defined as the "Carrier" pursuant to the definitions contained in the Defendant's cruise ticket/passage contract. Thus, under the general maritime law, the Defendant is the proper party defendant to the Plaintiff's claims.

8. The Plaintiff purchased passage aboard the Vessel for purposes of travelling to the Bahamas on a three-night cruise departing from the Port of Miami on March 27, 2015, and returning to the Port of Miami on March 30, 2015.

9. On March 29, 2015, the Plaintiff was on deck 6 of the Vessel and walked through a doorway leading from an exterior area of the Vessel into an interior space. The door in question was equipped with an automatic closing mechanism. As the Plaintiff passed through the doorway, the automatic closing mechanism failed to hold the door open, thereby causing the door to slam shut, striking the Plaintiff from behind as she was crossing the threshold. As a result of being struck from behind, the Plaintiff was pushed forward and stumbled. Just inside the door, and adjacent to the threshold, the Defendant had constructed a ramp. After the Plaintiff was struck by the closing door and stumbled through the threshold, her left foot landed on the edge of a ramp causing the Plaintiff to fall and sustain serious injury, including several fractures requiring surgery, to her ankle.

### Count I - Maritime Negligence

8. The Plaintiff realleges paragraphs 1 through 7, *supra,* and incorporates them

herein.

9. The Defendant owed the Plaintiff the duty to exercise reasonable care under the circumstances as required by the general maritime law. The Defendant knew or should have known that the condition described in paragraph 7 presented an unreasonable risk of injury and a dangerous hazard. Alternatively, the Defendant was on actual notice of the dangerous and hazardous condition because the Defendant created the condition. Notwithstanding the duty owed to the Plaintiff, the Defendant breached its duty and was negligent, in one or more of the following ways:

    a. Creating a hazardous and dangerous condition at the doorway on deck 6 of the Vessel by failing to have a properly functioning automatic door closing mechanism;

    b. Creating a hazardous and dangerous condition at the doorway on deck 6 of the Vessel by constructing and placing a defective ramp on the inside of the doorway with the width of the ramp too narrow to cover the entire width of the doorway;

    c. Failing properly to inspect and maintain the automatic door closing mechanism on the subject door, causing it to malfunction and strike the Plaintiff as described herein;

    d. Failing properly to inspect and maintain the ramp inside the subject doorway, thereby allowing a dangerous condition to exist for an unreasonably long period of time and creating an unreasonable risk of harm as alleged herein; and

    e. Failing to warn passengers aboard the Vessel of the presence of the ramp,

which was not visible to persons passing through the door unless and until the door was opened.

10. As a direct and proximate result of the Defendant's negligence, the Plaintiff was injured and suffered damages, including, but not limited to, bodily injury and resulting pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expenses of medical care and related expenses; loss of earnings; and aggravation of pre-existing conditions, all of which are permanent and continuing in nature. Plaintiff has suffered these damages in the past will continue to suffer them in the future.

Wherefore, the Plaintiff, Donna Carminati, demands judgment against the Defendant for all compensatory damages allowed by the general maritime law in an amount in excess of the minimum jurisdictional requirements of this court to be determined by a jury, pre-judgment interest, and taxable costs as allowed by law. Plaintiff further demands a trial by jury.

Dated this 27th day of July, 2015.

Respectfully submitted,

Domingo C. Rodriguez, Esq. (F.B.N. 394645)
domingo@rlomiami.com
pleadings@rlomiami.com
**Rodriguez Law Office, LLC**
2121 Ponce de Leon Blvd., Suite 430
Miami, Florida 33134
Tel: (305)774-1477~Fax: (305)774-1075
*Counsel for Plaintiff*